# Exhibit A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

_____

VINCE BRADLEY, JR.,

                                       Plaintiff,

-against-

ROCHESTER POLICE DEPARTMENT,

ROCHESTER POLICE SGT. ANTHONY
BONGIOVANNI,

CITY OF ROCHESTER,

                                 Defendants.

_____

Index No. E2018007066

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs attorney, at the

address below, an answer to the annexed Complaint in this action within TWENTY (20) days

after the service of this summons, exclusive of the day of service, or within THIRTY (30) days

after service is complete if this summons is not personally delivered to you within the State of

New York. In case of your failure to answer, judgment will be taken against you by default for

the relief demanded in the Complaint, together with the cost of this action.

DATED:     August 31, 2018
                Buffalo, New York

                                  HOUSH LAW OFFICES, PLLC

By:                 *Frank Housh*

                      Frank Housh, Esq.
                      70 Niagara Street · Buffalo, NY 14202
                      p 716.362.1128 · f 716.242.3000
                      frank@houshlaw.com

1

TO:    Corporation Counsel
CITY OF ROCHESTER
City Hall, Room 400A
30 Church Street
Rochester, NY 14614

Chief of Police Michael Ciminelli
Rochester Police Department
Public Safety Building
185 Exchange Blvd.
Rochester, NY 14614

Sgt. Anthony Bongiovanni
Rochester Police Department
Public Safety Building
185 Exchange Blvd.
Rochester, NY 14614

2

FILED: MONROE COUNTY CLERK 08/31/2018 06:02 PM ~~Case 6:18-cv-06823  Document 1-2  Filed 11/20/18  Page 4 of 23~~ NO. E2018007066

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/31/2018

STATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

---

VINCE BRADLEY, JR.,

                                        Plaintiff,

                    -against-

ROCHESTER POLICE DEPARTMENT,

ROCHESTER POLICE SGT. ANTHONY
BONGIOVANNI,

CITY OF ROCHESTER,

                                        Defendants.

---

Index No. *E2018007066*

**COMPLAINT**

Plaintiff for his Complaint against the Defendants alleges:

1.  This is a COMPLAINT alleging Assault and Battery, Negligent, Hiring, Training, and

    Supervision, Excessive Force, and deprivation of VINCE BRADLEY, JR.'s

    constitutional rights pursuant to 42 USC §1983.

### NOTICE OF CLAIM TIMELY FILED

2.  On or about the November 29, 2017, Plaintiff served upon Defendants CITY OF

    ROCHESTER and ROCHESTER POLICE DEPARTMENT, through their duly

    authorized agents, a verified written Notice of Claim pursuant to Section 50-e of the

    General Municipal Law of the State of New York setting forth the time, place, nature and

    manner in which the claim arose. A copy of the Notice of Claim is annexed hereto as

    **Exhibit A**.

3.  More than thirty (30) days have elapsed from the date the Notice of Claim was served

    and Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT

    have neglected and refused to make payment of the claim, **Exhibit B**.

3

## PARTIES

4.     Upon information and belief, at all relevant times stated herein, Defendant CITY OF
ROCHESTER was a municipal corporation organized and existing under the laws of the
State of New York, with principal offices in the CITY of ROCHESTER, County of
Monroe, State of New York.

5.     Upon information and belief, at all relevant times stated herein, Defendant ROCHESTER
POLICE DEPARTMENT was a department within Defendant CITY OF ROCHESTER,
with principal offices in the City of ROCHESTER, County of Monroe, State of New
York.

6.     Upon information and belief Defendants SGT. ANTHONY BONGIOVANNI
("BONGIOVANNI") was a natural person residing, upon information and belief, in the
County of Monroe and State of New York, and was an employee of Defendants CITY OF
ROCHESTER and ROCHESTER POLICE DEPARTMENT.

7.     Plaintiff VINCE BRADLEY, JR. is a New York resident.  His address is 331 Murray
Street, Rochester, New York.  His telephone number is 585.623.6528.

## RELEVANT FACTS

8.     Upon information and belief, on September 2, 2017 at approximately 7:00 p.m., Claimant
VINCE BRADLEY, JR. was on the back yard exterior grounds of his home at 331
Murray Street, CITY OF ROCHESTER.

9.     Upon information and belief at that time and place Sgt. BONGIOVANNI of the
ROCHESTER POLICE DEPARTMENT stopped his police unit in front of the
BRADLEY home and demanded that Claimant approach him, saying, "Bring your
motherfucking ass here!"

4

10. Claimant VINCE BRADLEY, JR., answered the police officer by asking, "Are you sure you have the right person?"

11. Upon information and belief, BONGIOVANNI, now near the front door of 331 Murray Street, CITY OF ROCHESTER, then grabbed claimant bodily and told him, "You're under arrest!"

12. Upon information and belief, BONGIOVANNI then sprayed capsaicin spray or its analogue in claimant's eyes on at least two (2) separate occasions.

13. Upon information and belief, BONGIOVANNI then attacked claimant with his baton, striking him about the body and legs on several occasions.

14. Upon information and belief, BONGIOVANNI, now accompanied by other ROCHESTER POLICE DEPARTMENT officers and a K-9 unit, chased claimant across the street where he was assaulted by batons, hands, feet, and a ROCHESTER POLICE DEPARTMENT service dog.

15. VINCE BRADLEY, JR. claims that BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel initiated, continued, and completed an arrest of the claimant unsupported by probable cause, motivated by racial prejudice, and without due process of law.

16. VINCE BRADLEY, JR. claims he was falsely arrested and that the assault by BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel caused serious physical injury on his person, including, but not limited to, bone fractures, bruising, soft tissue injury, and puncture wounds from the bites by the ROCHESTER POLICE DEPARTMENT service dog.

5

17.    VINCE BRADLEY, JR. claims that BONGIOVANNI and other ROCHESTER POLICE

       DEPARTMENT personnel intentionally, recklessly, and/or negligently denied him

       emergency medical treatment when it was necessary, exacerbating his injuries.

18.    VINCE BRADLEY, JR. claims the assault caused psychological pain and suffering

       including, but not limited to, post-traumatic stress disorder, depression, and anxiety.

19.    At the time of the assault, VINCE BRADLEY, JR. was gainfully employed full-time and

       since been unable to work due to the assault, causing economic damages.

<u>AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT:
ASSAULT AND BATTERY</u>

20.    Plaintiffs repeat and re-allege the allegations made in paragraphs "1" through "19" of this

       Complaint with the same force and effect as if herein set forth at length.

21.    That upon information and belief, in furtherance of his duties as ROCHESTER POLICE

       Officers, Defendant BONGIOVANNI and other ROCHESTER POLICE

       DEPARTMENT personnel physically struck and otherwise battered Claimant VINCE

       BRADLEY.

22.    That the battery was unprovoked, unwarranted, unjustified, and was in violation of §

       35.30 of the Penal Law of the State of New York and§ 140.15 of the Criminal Procedure

       Law of the State of New York.

23.    VINCENT BRADLEY's injuries were aggravated, exacerbated and otherwise made

       worse by BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel

       intentionally, recklessly, and/or negligently denied him emergency medical treatment

       when it was necessary.

24. That the injuries and damages sustained by the Plaintiff herein were caused solely and wholly through the intentional and malicious acts of the Defendants herein, without any negligence on the part of the Plaintiff contributing thereto.

25. As a result of the foregoing, Plaintiff suffered serious physical injury and economic harm and damage in an amount that exceeds the jurisdictional limits of all lower Courts.

<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT:
NEGLIGENT HIRING, TRAINING AND SUPERVISION</u>

26. Plaintiffs repeat and re-allege the allegations made in paragraphs "1" through "25" of this Complaint with the same force and effect as if herein set forth at length.

27. Upon information and belief, Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT, its agents, servants and employees, hired Defendant BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel to perform work as Officers of Defendant ROCHESTER POLICE DEPARTMENT.

28. Upon information and belief, Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT, its agents, servants and employees trained Defendant BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel to perform work as Officers of the Defendant ROCHESTER POLICE DEPARTMENT.

29. Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT were negligent in the hiring of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendants did not possess the temperament and psychological makeup to effect arrests and detain arrestees without the use of excessive force and arbitrary punishment and to otherwise properly carry out their duties as responsible and law abiding police officers.

7

30. Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT were negligent in the training of the aforesaid agents, servants and/or employees in that they failed to train Defendants in proper arrest techniques, proper use of force, and proper detention.

31. That Defendants CITY OF ROCHESTER and ROCHESTER POLICE DEPARTMENT were negligent in their supervision of the aforesaid agents, servants and/or employees in that they permitted said agents, servants and employees to use excessive force in making arrests; failed to discipline officers who used excessive force in making arrests and failed to enforce proper use of force criteria or guidelines.

32. By reason of the foregoing Plaintiff suffered harm and damage in an amount that exceeds the jurisdictional limits of all lower Courts, plus punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS: EXCESSIVE USE OF FORCE IN AN ARREST

33. Plaintiff repeats and re-alleges the allegations made in paragraphs "1" through "32" of this Complaint with the same force and effect as if herein set forth at length.

34. Plaintiff alleges that Defendants engaged in extreme and outrageous conduct by confronting him in front of his home absent a common law right to inquire, and/or reasonable suspicion, and/or probable cause by ordering him to "Bring your motherfucking ass here!" The extreme and outrageous conduct further included the capsaicin spray and continued assault by BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel.

35. Plaintiff alleges that Defendants BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel, by their actions, intended to cause severe emotional distress.

8

36. Plaintiff alleges that there is a clear, causal connection between the outrageous conduct and the severe emotional distress.

37. Plaintiff alleges that the Defendants caused the severe emotional distress in whole part.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS: EXCESSIVE USE OF FORCE IN AN ARREST

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "37" inclusive with the same force and effect as if set forth at length herein.

39. That at the aforesaid time at the aforesaid location, Defendant BONGIOVANNI was acting in furtherance of his duties as an officer of Defendant ROCHESTER POLICE DEPARTMENT.

40. That at the aforesaid time and at the aforesaid location, Defendant BONGIOVANNI was acting under color of State Law.

41. That with regard to any violation of 42 USC § 1983 and the United States Constitution. Defendant BONGIOVANNI is being sued in his individual capacity.

42. That Defendant BONGIOVANNI confronted VINCE BRADLEY, JR. outside of his home

43. That during the aforesaid confrontation, Defendant BONGIOVANNI sprayed capsaicin spray or its analogue in Plaintiff's eyes at least twice, attacked Plaintiff with his baton, striking him about the body and legs on several occasions, chased Plaintiff across the street, and assaulted him with batons, hands, and feet.

44. The use of force by Defendant BONGIOVANNI was objectively unreasonable and excessive in the circumstances present, as VINCENT BRADLEY was upon information and belief, not armed, not threatening or resisting Defendant BONGIOVANNI in any manner.

9

45.     The aforesaid use of excessive force employed prior to and during the alleged attempted

apprehension of the Plaintiff VINCENT BRADLEY was in direct violation of his rights

under the Fourth Amendment of the United States Constitution, as applied to the states by

the Fourteenth Amendment of the United States Constitution, to be secure against

unreasonable seizure of his person.

46.     Upon information and belief, Defendant CITY OF ROCHESTER POLICE had a policy

and custom in place that tolerated the use of excessive force to subdue suspects and

arrestees without reference to a reasonable use of force continuum and without

consideration of recourse to less deadly uses of force, and which otherwise tolerated and

encouraged excessive force in making arrests.

47.     As a result of the foregoing, Plaintiff VINCE BRADLEY, JR. was seriously injured, all

to his damage in the sum of ONE MILLION DOLLARS, plus punitive damages in the

amount of ONE MILLION DOLLARS against the Defendant BONGIOVANNI.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1"

through "47" inclusive with the same force and effect as if set forth at length herein.

49.     Plaintiff alleges that the conduct of Defendants BONGIOVANNI and other

ROCHESTER POLICE DEPARTMENT personnel was outrageous and extreme in that

they confronted VINCE BRADLEY, JR. at his home absent common-law right to

inquire, and/or reasonable suspicion and/or probable cause, and engaged in an

unprovoked assault.

50. Plaintiff alleges, as demonstrated by their conduct, Defendants BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT personnel intended to cause severe emotional distress to VINCE BRADLEY, JR.

51. Plaintiff alleges a clear, causal connection between the conduct of the Defendants BONGIOVANNI and other ROCHESTER POLICE DEPARTMENT and the severe, emotional distress suffered by VINCE BRADLEY, JR.

52. Plaintiff alleges VINCE BRADLEY, JR. suffered severe emotional distress including, but not limited to, anxiety, depression, and post-traumatic stress disorder.

WHEREFORE, Plaintiffs demands judgment against the Defendants on their causes of action as set forth below:

a. **On the first cause of action** in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages against Defendants BONGIOVANNI, CITY OF ROCHESTER POLICE DEPARTMENT, and CITY OF ROCHESTER;

b. **On the second cause of action** in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages against Defendants BONGIOVANNI, CITY OF ROCHESTER POLICE DEPARTMENT, and CITY OF ROCHESTER;

c. **On the third cause of action** in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages against Defendants BONGIOVANNI, CITY OF ROCHESTER POLICE DEPARTMENT, and CITY OF ROCHESTER;

d. **On the fourth cause of action** in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages against Defendants BONGIOVANNI, CITY OF ROCHESTER POLICE DEPARTMENT, and CITY OF ROCHESTER;

11

    e. **On the fifth cause of action** in an amount that exceeds the jurisdictional limits of all

       lower courts, plus punitive damages against Defendants BONGIOVANNI, CITY OF

       ROCHESTER POLICE DEPARTMENT, and CITY OF ROCHESTER

    f. Costs and disbursements of this action, plus attorney's fees pursuant to 42 USC§ 1988

      (b).

DATED:     August 31, 2018
            Buffalo, New York

                            HOUSH LAW OFFICES, PLLC

By:

                            Frank Housh, Esq.
                            70 Niagara Street · Buffalo, NY 14202
                            p 716.362.1128 · f 716.242.3000
                            frank@houshlaw.com

TO:     Corporation Counsel
        City of Rochester
        City Hall, Room 400A
        30 Church Street
        Rochester, NY  14614

        Chief of Police Michael Ciminelli
        Rochester Police Department
        Public Safety Building
        185 Exchange Blvd.
        Rochester, NY  14614

        Sgt. Anthony Bongiovanni
        Rochester Police Department
        Public Safety Building
        185 Exchange Blvd.
        Rochester, NY  14614

12

VERIFICATION

STATE OF NEW YORK      )
COUNTY OF MONROE      ) ss.
CITY OF ROCHESTER      )


Vince Bradley, being duly sworn, deposes and says that he is the

Complainant in this action; I have read the attached Complaint and I know the

contents thereof; that the same is true to the knowledge of the deponent, except as

to matters therein which are be alleged on information and belief, and as to those

matters, he believes them to be true.

PLACE: Rochester, NEW YORK

DATE: August 31, 2018

Vince Bradley

Sworn to me this 31
Day of August

Notary

KIRSTEN A. ANDERSON
Notary Public, State of New York
Registration No. 01AN6971090
Qualified in Erie County
Commission Expires Feb 20, 2022

CITY OF ROCHESTER

---

VINCE BRADLEY, JR.

                Claimant,                      **NOTICE OF CLAIM**

ROCHESTER POLICE DEPARTMENT, and

CITY OF ROCHESTER

                Defendants.

---

### PRELIMINARY STATEMENT

1.    This is a Notice of a Claim for False Arrest, Assault, Excessive Force, and deprivation of VINCE BRADLEY, JR.'s constitutional rights pursuant to 42 USC §1983.

### PARTIES

2.    Complainant VINCE BRADLEY, JR. is a New York resident. His address is 331 Murray Street, Rochester, New York. His telephone number is 585.623.6528.

3.    Defendant ROCHESTER POLICE DEPARTMENT is an agency created by the CITY OF ROCHESTER to investigate and enforce municipal, state, and federal laws within the CITY OF ROCHESTER.

4.    The CITY OF ROCHESTER is a chartered municipal entity created in 1834. It exercises executive control over the ROCHESTER POLICE DEPARTMENT and is legally responsible for its actions pursuant to the doctrine of *respondeat superior*.

### RELEVANT FACTS

5.    Upon information and belief, on September 2, 2017 at approximately 7:00PM, Claimant VINCE BRADLEY, JR. was on the back yard, exterior grounds of his home at 331 Murray Street, CITY OF ROCHESTER.

1

6.      Upon information and belief at that time and place a member of the ROCHESTER POLICE DEPARTMENT stopped his police unit in front of the BRADLEY home and demanded that Claimant approach him, saying, "Bring your motherfucking ass here!"

7.      Claimant VINCE BRADLEY, JR., answered the police officer by asking, "Are you sure you have the right person?"

8.      Upon information and belief, the ROCHESTER POLICE DEPARTMENT officer, now near the front door of 331 Murray Street, CITY OF ROCHESTER, then grabbed claimant bodily and told him, "You're under arrest!"

9.      Upon information and belief, the ROCHESTER POLICE DEPARTMENT officer then sprayed capsaicin spray or its analogue in claimant's eyes on at least two (2) separate occasions.

10.     Upon information and belief, the ROCHESTER POLICE DEPARTMENT officer then attacked claimant with his baton, striking him about the body and legs on several occasions.

11.     Upon information and belief, the ROCHESTER POLICE DEPARTMENT officer, now accompanied by other ROCHESTER POLICE DEPARTMENT officers and a K-9 unit, chased claimant across the street where he was assaulted by batons, hands, feet, and a ROCHESTER POLICE DEPARTMENT service dog.

## THE CLAIMED INJURIES

12.     VINCE BRADLEY, JR. claims that ROCHESTER POLICE DEPARTMENT personnel initiated, continued, and completed an arrest of the claimant unsupported by probable cause, motivated by racial prejudice, and without due process of law.

13.     VINCE BRADLEY, JR. claims he was falsely arrested and that the ROCHESTER POLICE DEPARTMENT assault caused serious physical injury on his person, including, but not

2

limited to, bone fractures, bruising, soft tissue injury, and puncture wounds form the bites by the

ROCHESTER POLICE DEPARTMENT service dog.

14. VINCE BRADLEY, JR. claims that ROCHESTER POLICE DEPARTMENT intentionally, recklessly, and/or negligently denied him emergency medical treatment when it was necessary, exacerbating his injuries.

14. VINCE BRADLEY, JR. claims the assault caused psychological pain and suffering including, but not limited to, post-traumatic stress disorder, depression, and anxiety.

15. At the time of the assault, VINCE BRADLEY, JR. was gainfully employed full-time and since been unable to return due to the assault, causing economic damages.

## RELIEF SOUGHT

**WHEREFORE** Claimant demands judgment as follows:

1. $2 million in compensatory damages.

DATED: November 29, 2017
Buffalo, New York

HOUSH LAW OFFICES, PLLC

By:

Frank Housh, Esq.
70 Niagara Street · Buffalo, NY 14202
p 716.362.1128 · f 716.242.3000
frank@houshlaw.com

TO: Corporation Counsel
CITY OF ROCHESTER
City Hall, Room 400A
30 Church Street
Rochester, NY 14614

3

VERIFICATION

STATE OF NEW YORK      )
COUNTY OF MONROE       )    ss.
CITY OF ROCHESTER      )

VINCE BRADLEY, JR., being duly sworn, deposes and says that he is the

CLAIMANT in this action; I have read the herein Notice of Claim and I know the

contents thereof; that the same is true to the knowledge of the deponent, except as

to matters therein stated to be alleged on information and belief, and as to those

matters, I believe them to be true.

Rochester, New York
November 29, 2017

_____
VINCE BRADLEY, JR.

Sworn to me this 29
Day of _____

_____
Notary

FRANK T. HOUSH
No. 02HO6297606
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 24, 20__



**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

June 20, 2018

Frank Housh, Esq.
70 Niagara Street
Buffalo, NY 14202

Re: Notice of Claim #1456
    Your Client: Vince Bradley, Jr.
    Your File No.: 2017-CIV-1688
    Date of Incident: 9/2/2017

Dear Mr. Housh,

We acknowledge receipt of your correspondence dated May 31, 2018 regarding the above-referenced matter.

Please be advised that the City maintains that it is not responsible for your client's alleged loss.

Accordingly, the City must respectfully decline any settlement offer to your client.

The City of Rochester expressly reserves all available objections and defenses to the notice of claim, including those related to legal sufficiency of the notice.


CITY OF ROCHESTER LAW DEPARTMENT

Phone: 585.428.6949     Fax: 585.428.6950     TTY: 585.428.6054     EEO/ADA Employer

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
− − − − − − − − − − − − − − − − − − − − − − − − − − − −x
VINCE BRADLEY JR.

                           Plaintiff/Petitioner,

       -against-                                   Index No. _E2018/007066_

ROCHESTER POLICE DEPARTMENT, ANTHONY
BONGIOVANNI, CITY OF ROCHESTER

                           Defendant/Respondent.
− − − − − − − − − − − − − − − − − − − − − − − − − − − −x

## NOTICE OF ELECTRONIC FILING

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and
- You are a Defendant/Respondent (a party) in this case.

                             (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney:** give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing

    You can:

- serve and file your documents electronically
- view your case file on-line
- limit your number of trips to the courthouse
- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or
- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 08/31/201

FRANK THOMAS HOUSH
_____
Name

_____
Firm Name

_____
Address

_____
Phone

frank@houshlaw.com
_____
E-Mail

To: _____

_____

_____

11/20/17