UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VINCE BRADLEY, JR.,

        Plaintiff,

                                          DECISION AND ORDER

                                          Case No. 18-CV-6823-FPG

v.

ROCHESTER POLICE DEPARTMENT,
ROCHESTER POLICE SGT. ANTHONY
BONGIOVANNI, and CITY OF ROCHESTER,

        Defendants.

_____

## INTRODUCTION

Plaintiff Vince Bradley, Jr., brings this action alleging that Defendant Police Sergeant Anthony Bongiovanni subjected him to excessive force while arresting him. Plaintiff alleges five causes of action:

(1) New York State Law Assault and Battery;

(2) New York State Law Negligent Hiring, Training, and Supervision;

(3) Excessive Use of Force in an Arrest;

(4) 42 U.S.C. § 1983 Excessive Use of Force in an Arrest; and

(5) New York State Intentional Infliction of Emotional Distress ("IIED").

On November 27, 2018, Defendants filed a Motion to Dismiss Plaintiff's second, third, and fifth causes of action, and to dismiss the Rochester Police Department (the "RPD") as a non-suable entity. ECF No. 2.

On November 28, 2018, this Court entered a Text Scheduling Order directing Plaintiff to respond to the Motion to Dismiss by December 27, 2018. ECF No. 3. Plaintiff failed to respond.

On April 26, 2019, the Court entered another Text Scheduling Order noting Plaintiff's failure to respond and extending the response date to May 24, 2019. ECF No. 4. On that date, Plaintiff moved for an extension of time to respond. ECF No. 5.

On May 28, 2019, the Court granted Plaintiff an extension of time until June 7, 2019 to respond to the Motion to Dismiss. To date, Plaintiff has still not responded. Accordingly, the Court GRANTS Defendants' Motion to Dismiss for the reasons discussed below.

## DISCUSSION

### I. All Claims Against the RPD

Defendants correctly argue that "[a] police department is an administrative arm of the municipal corporation" and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Tisdale v. Hartley*, No. 18-CV-6119 EAW, 2019 U.S. Dist. LEXIS 14269, at *5 (W.D.N.Y. Jan. 25, 2019); *see also Goolsby v. City of Elmira*, No. 07-CV-631A, 2008 U.S. Dist. LEXIS 105775, at *l-2 (W.D.N.Y. Dec. 29, 2008) (claims against Elmira Police Department dismissed as redundant to claims against City of Elmira); *Baez v. City of Rochester*, No. 13-CV-6625, 2016 U.S. Dist. LEXIS 75421, at *5-6 (W.D.N.Y. June 9, 2016) ("Within this circuit it is proper to dismiss an agency as a non-suable entity where plaintiff has properly included the municipality.") (collecting cases). Accordingly, Plaintiff's complaint against the RPD is DISMISSED.

### II. Second Cause of Action: New York State Law Negligent Hiring, Training, and Supervision

"To maintain a claim against a municipal employer for the 'negligent hiring, training, and retention' of a tortfeasor under New York law, a plaintiff must show that the employee acted 'outside the scope of her employment.'" *Velez v. City of N.Y.*, 730 F.3d 128, 136-37 (2d

2

Cir. 2013) (quoting *Gurevich v. City of N.Y.* No. 06 Civ. 1646 (GEL), 2008 U.S. Dist. LEXIS 1800 (S.D.N.Y. Jan. 10, 2008)).

Here, Plaintiff does not allege that Officer Bongiovanni was acting outside the scope of his employment. Rather, Plaintiff alleges that Officer Bongiovanni used excessive force against him in the course of making an arrest, "in furtherance of his duties" as an RPD officer, and "under color of state law." ECF No. 1-2, ¶¶ 21, 39, 40. Accordingly, Plaintiff's second cause of action is DISMISSED.

### III. Third Cause of Action: Excessive Use of Force in an Arrest

As Defendants note, Plaintiff does not identify the law under which he asserts this general excessive force claim. However, he also asserts a state law assault and battery claim and a federal excessive force claim under § 1983. Plaintiff's general excessive use of force claim in his third cause of action is therefore duplicative of his first and fourth causes of action, which themselves are "substantially identical." *Shaheed v. City of N.Y.*, 287 F. Supp. 3d 438, 452 (S.D.N.Y. 2018); *see also Ferguson v. City of N.Y.*, No. 17-cv-4090 (BMC), 2018 U.S. Dist. LEXIS 127049, at *5 (E.D.N.Y. July 30, 2018) ("[U]nder New York law, any use of force by a police officer outside the context of a lawful seizure or arrest—regardless of the amount of force—is a technical assault or battery."). Accordingly, Plaintiff's third cause of action is DISMISSED.

### IV. Fifth Cause of Action: IIED

"[I]ntentional infliction of emotional distress is generally unavailable where other traditional tort remedies are available." *Warr v. Liberatore*, 270 F. Supp. 3d 637, 654 (W.D.N.Y. 2017) (dismissing IIED claim where plaintiff also brought the traditional tort claims of assault and battery and excessive force); *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015) ("[T]he New York Court of Appeals has questioned whether an intentional infliction claim can ever be brought

where the challenged conduct 'falls well within the ambit of other traditional tort liability.' All four Appellate Division courts have answered the question and held that it cannot." (citation omitted)). Accordingly, Plaintiff's fifth cause of action is DISMISSED.

## CONCLUSION

For the reasons stated, Plaintiff's complaint (ECF No. 1-2) is DISMISSED in its entirety as to the Rochester Police Department. The Clerk of Court is directed to terminate the Rochester Police Department as a party.

Further, Plaintiff's second, third, and fifth causes of action are DISMISSED as to the remaining Defendants.

By separate order, the Court will refer this case to a magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: July 12, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court