UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VINCE BRADLEY, JR.,

                   Plaintiff,

        v.

ANTHONY BONGIOVANNI, CITY OF
ROCHESTER,

                Defendants.

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

Case No. 18-CV-6823 (FPG)(MJP)

     Defendants Bongiovanni and City of Rochester submit on the following pages their

Proposed Substantive Jury Instructions according to the following index[1]:

| I. | Excessive Force | Adapted from PJI 3:60.3 (Excessive Force), incorporating analysis set forth in *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) |
|---|---|---|
| II. | NYS Assault and Battery | Instruction based upon analyses of *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009) *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991); *Graham v. City of N.Y.*, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013)(collecting cases). |
| III. | Nominal Damages | Adapted from instruction given in *Warr, et al. v. Liberatore, et al.*, 13-cv-6508 (MWP)(WDNY), which was based on 5 Sand, *Modern Federal Jury Instructions*, §§ 77-6; 87-88. |

---

[1] A Word version of this document can be made available to the Court on request.

# I.      EXCESSIVE FORCE

Plaintiff claims that defendants violated his rights under the Fourth Amendment to the United States Constitution when defendants used excessive force while arresting him. Defendants deny that the force used was excessive and maintain that it was necessary to overcome plaintiff's attempted assault and resistance to arrest, and to take him into police custody.

The Fourth Amendment prohibits unreasonable seizures.  An arrest is a seizure within the meaning of the Fourth Amendment.  A police officer may use reasonable force in making an arrest; the Fourth Amendment, however, prohibits the use of unreasonable force.  You must decide whether the use of force by defendants in arresting plaintiff was reasonable or not. Reasonable force means the amount of force a reasonable and prudent police officer would use in making the arrest under the same facts and circumstances facing each of the defendants.  In deciding this question, you must not consider the defendant officers' underlying intent or motivation.  In other words, even if defendants acted with evil intent, the force used will not be considered excessive if the force used was reasonable under the surrounding circumstances.  On the other hand, even if defendants acted with good intent and in good faith, if the force used was unreasonable given the surrounding circumstances, then it was unlawful.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the Fourth Amendment.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense,

uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

In this case, plaintiff claims that the force used to arrest him was unreasonable. Defendants maintain that the force was reasonable and necessary to overcome plaintiff's resistance to arrest and his attempted flight. In deciding whether the force used was reasonable, you should consider all of the surrounding facts and circumstances, including the severity of the alleged crime, whether plaintiff presented an immediate threat to defendants' safety, and whether plaintiff was actively resisting arrest at the time the force was used.

If you find that defendants' use of force was reasonable, you will find for defendants. If you find that plaintiff has proven by a preponderance of the credible evidence that defendants' use of force was not reasonable under the circumstances, you will find for plaintiff.

Given _____; Not Given _____; Given in Substance _____

Adapted from PJI 3:60.3 (Excessive Force), incorporating analysis set forth in *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

## II.    STATE LAW ASSAULT AND BATTERY CLAIMS

In addition to his federal § 1983 claim for deprivation of federal rights by use of excessive force, plaintiff also brings New York State law claims for assault and battery.  The essential elements of these State law claims are substantially identical plaintiff's federal § 1983 excessive force claim, about which I have already instructed you.  Therefore, if you find that plaintiff has proven his federal excessive force claim by a preponderance of the credible evidence, you should also find that he has proven his State law assault and battery claims against the same defendant or defendants.  Alternatively, if you find that plaintiff has not proven his federal claims by a preponderance of the credible evidence, then you should also find that he has not proven her State law assault and battery claims.


Given _____; Not Given _____; Given in Substance _____




Instruction based upon analyses of *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009) *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991); *Graham v. City of N.Y.*, 928 F. Supp. 2d 610, 624 (E.D.N.Y. 2013)(collecting cases).

### III.    NOMINAL DAMAGES – DAMAGES FOR MERE FACT OF VIOLATION

If you return a verdict for the Plaintiff on his constitutional claims for excessive force, but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a federal constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar. In other words, you may not award both nominal and compensatory damages.

Given _____; Not Given _____; Given in Substance _____

Adapted from instruction given in *Warr, et al. v. Liberatore, et al.*, 13-cv-6508 (MWP)(WDNY), which was based on 5 Sand, *Modern Federal Jury Instructions*, §§ 77-6; 87-88.

DATED: July 5, 2022     LINDA S. KINGSLEY
           CORPORATION COUNSEL

           _____/S/Patrick Beath_____

BY: PATRICK BEATH, Esq.
      PEACHIE L. JONES, Esq.
      *Attorneys for Defendants*
      City Hall Room 400A
      30 Church Street
      Rochester, New York 14614
      (585) 428-6812
      patrick.beath@cityofrochester.gov

To: HOUSH LAW OFFICES, PLLC
  Frank Housh, Esq.
  *Attorneys for Plaintiff*
  70 Niagara Street
  Buffalo, NY 14202
  716-362-1128
  frank@houshlaw.com