UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VINCE BRADLEY, JR.,

                        Plaintiff,                    Case # 18-CV-6823-FPG

v.                                                                  DECISION AND ORDER

ANTHONY BONGIOVANNI, *et al.*,

                        Defendants.
_____

      In November 2018, Plaintiff Vince Bradley, Jr. brought this civil rights action against Defendants Police Sergeant Anthony Bongiovanni and the City of Rochester, alleging that Bongiovanni used excessive force against him in the course of an arrest. ECF No. 1-2 at 4-13. The case proceeded to trial, after which the jury found in Defendants' favor. ECF No. 73. Defendants have now filed a bill of costs, requesting (a) $921 for transcripts, (b) $49.75 in witness fees, and (c) $20 for docket fees. ECF No. 76 at 1. Plaintiff has filed an opposition memorandum, ECF No. 80, and Defendants filed their reply brief. ECF No. 81. For the reasons that follow, Defendants' bill of costs is DENIED.

      Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The term 'costs' as used in Rule 54 includes the specific items enumerated in 28 U.S.C. § 1920." *Hansen v. Warren Cty.*, No. 17-CV-1134, 2020 WL 4877186, at *6 (N.D.N.Y. Aug. 20, 2020). Because Plaintiff does not dispute that Defendants' requested expenses are allowable costs, *see* ECF No. 80; *see also* 28 U.S.C. § 1920(2), (3), (5), Defendants enjoy a "presumption that [their] costs will be awarded." *Nat'l Organics, Inc. v. Nutraceutical Corp.*, No. 01-CV-384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009). "[T]he losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the

1

difficulty of the issues, or the losing party's limited financial resources." *Ahmad v. East Ramapo Cent. Sch. Dist.*, No. 09-CV-1440, 2018 WL 3222543, at *2 (S.D.N.Y. July 2, 2018).

Plaintiff argues that costs should not be imposed because he is indigent and because of the public importance of the case. The Court agrees.

As to indigency, "a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs, and the party asserting a lack of funds must demonstrate his indigency." *Cutie v. Sheehan*, No. 11-CV-66, 2016 WL 3661395, at *3 (N.D.N.Y. July 5, 2016) (internal quotation marks omitted). At trial, Plaintiff and his wife testified under oath about their family's financial hardship. There was evidence presented that Plaintiff had been unable to work in his previous field of employment because of the injuries he alleged sustained in connection with his arrest; that Plaintiff's wife had to obtain a job to support the family; that the family has occasionally relied on the wife's father for financial assistance; and that Plaintiff has been unable to afford physical therapy.

Plaintiff relies on the trial evidence to argue that he is indigent. *See* ECF No. 80 at 1-2. In reply, Defendants do not challenge the veracity of Plaintiff's or his wife's trial testimony; instead, they argue that Plaintiff failed to sufficiently demonstrate his indigency because he did not submit an affidavit or other documentation with his opposition. *See* ECF No. 81 at 2.

The Court is satisfied that Plaintiff has "establish[ed] in the record that []he is incapable of paying the court-imposed costs." *Griffin v. Delvecchio*, No. 16-CV-6029, 2020 WL 1514766, at *5 (W.D.N.Y. Mar. 30, 2020). The sworn testimony at trial demonstrates the financial hardship Plaintiff's family has suffered subsequent to his arrest. The Court disagrees with Defendants that an affidavit or other documentation beyond such sworn testimony was necessary under the circumstances. The Court sees no reason to require additional documentation given that trial

2

occurred less than six months ago, and Defendants had, at that time, a full opportunity to examine both Plaintiff and his wife, as well as present any contrary evidence of their own. In their reply, Defendants develop no argument that Plaintiff's or his wife's testimony concerning their financial hardship is unworthy of belief or is belied by other evidence. Accordingly, the Court accepts Plaintiff's assertion that he suffers from a financial hardship that militates against the imposition of costs.

As to the public importance of the case, the Court also agrees with Plaintiff that this consideration weighs in his favor. Plaintiff brought this action to challenge police misconduct—specifically, the use of excessive force in connection with an arrest for minor traffic violations. It ought to go without saying that this particular issue—the use of force against nonviolent suspects and arrestees—is of significant importance, both in Rochester and nationally. In such cases, there will often be a massive discrepancy between the resources available to the individual plaintiff and those available to the officer as an employee of the municipality. Just as importantly, such cases often involve highly disputed factual circumstances and exceedingly technical law, especially in the realm of qualified immunity. This can make success difficult for any plaintiff seeking to uphold his civil rights, even those with meritorious claims. In these sorts of cases, there is a risk that imposing costs will "have a chilling effect on similar actions in the future," *Fortunati v. Campagne*, No. 07-CV-143, 2013 WL 2322958, at *4 (D. Vt. May 28, 2013)—an unacceptable possibility given that such lawsuits are oftentimes the only mechanism to bring to light alleged police misconduct.

The Court recognizes that several of Plaintiff's claims were dismissed at summary judgment, and he ultimately did not prevail at trial. Nevertheless, the nature of Plaintiff's lawsuit, along with his "meager financial resources and [] good faith prosecution of [his] claims," counsel

3

against the imposition of costs. *Moore v. Cty. of Delaware*, 586 F.3d 219, 222 (2d Cir. 2009) (discussing in the context of taxation of appellate costs).

    For these reasons, Defendants' bill of costs (ECF No. 76) is DENIED.

    IT IS SO ORDERED.

Dated: November 1, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York